# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

MARK SELLEY,

    Plaintiff,

CASE NO: 17-cv-12834
HON. THOMAS L. LUDINGTON

v.

MIDLAND COUNTY, LORREN HURREN,
AND OTHER UNKNOWN DEFENDANTS,
in their individual and official capacities,

    Defendants,
_____

## ORDER DENYING MOTION TO CONSOLIDATE

On August 28, 2017, Plaintiff Mark Selley filed a complaint against Defendants Midland County, Lorren Hurren, Amy Randall, the Midland County Board of Commissioners, Commissioners Scott Noesen, Mark Bone, James Geisler, James Leigeb, and other unknown Defendants in their individual and official capacities.[1] ECF No. 1. The original complaint alleges that, on August 19, 2015, Plaintiff was incarcerated at the Midland County Jail in the E block.[2] *Id.* ¶ 14. Darrius Darrel Townsend (Townsend) was also housed in the E block. *Id.* ¶ 15. Defendants knew that Townsend posed a substantial risk to other inmates. *Id.* ¶ 19. Defendant Hurren knew that Townsend had been threatening Kuch, Plaintiff's cell mate, on a regular basis. *Id.* ¶ 20. Notwithstanding Midland County's Policy of prohibiting inmates from different floors of the E block from being let out of their cells at the same time, Defendant Hurren opened up all E block

---

[1] Plaintiff previously filed complaints in two separate cases arising out of the same set of facts (15-cv-14320, and 16-cv-10086), both of which were dismissed without prejudice by stipulation.
[2] Throughout the complaint, Plaintiff refers to his cell block either as E Block or E Pod. It is unclear if there is any meaningful distinction between the two. Accordingly, the Court will use the same terminology that Plaintiff used when discussing his allegations.

cell doors at the same time. *Id.* ¶¶ 16, 17. Townsend then ran upstairs to Plaintiff's cell and violently beat Plaintiff, resulting in eye damage, broken teeth, and traumatic brain injury. *Id.* ¶¶ 25, 29. Plaintiff alleges that neither he nor Townsend should have been housed in E-pod. *Id.* ¶¶ 22, 23. He also alleges that Defendants knew they were understaffed, the jail officers were not properly trained (without further explanation), and had not properly classified the detainees (without further explanation). *Id.* ¶¶ 26, 27.

The original complaint alleges that Defendants displayed a conscious disregard for danger and a deliberate indifference to Plaintiff's health and safety, in violation of his Eight and Fourteenth Amendment rights (counts I and II). The original complaint also alleges that Midland County a) failed to supervise its corrections officers; b) failed to train its corrections officers in the proper policies for formal prison counts; c) failed to train staff on booking classification and/or cell assignment; d) consciously decided to understaff and overpopulate the jail; e) failed to supervise, review, or discipline officers who Midland County knew or should have known were acting contrary to policies and procedures (count III). Finally, the complaint alleges that the individual Defendants were grossly negligent in that they violated their duty to perform their employment activities so as not to endanger others (count IV).

Pursuant to the parties' stipulation, the Court entered an order of dismissal without prejudice for Defendants Amy Randall, Midland County Board of Commissioners, Scott Noesen, Mark Bone, James Geisler, and James Leigeb. ECF No. 19. Pursuant to the stipulated order, Plaintiff filed an amended complaint to reflect the dismissal of those Defendants. The amended complaint names Midland County, Lorren Hurren, and "other unknown Defendants" in their individual and official capacities. ECF No. 20. On January 8, 2018, a scheduling order was entered setting a discovery deadline of August 8, 2018. ECF No. 25. There was no further docket activity

until Plaintiff moved to compel certain discovery responses on June 11, 2018. ECF No. 26. Because the motion was less than clear as to what was being requested, and because Plaintiff had not made adequate efforts to meet and confer with Defense counsel to resolve the discovery dispute, the motion to compel was denied without prejudice. ECF No. 28. The Court also rejected the parties' stipulated request for a 90-day extension, because the reason for the extension was not explained. ECF No. 27.

The parties did not submit another request for a discovery extension, nor did Plaintiff file a renewed motion to compel prior to the close of the discovery period. Rather, on July 19, 2018, Plaintiff initiated a separate lawsuit (the 4th such lawsuit arising out of these facts). Case No. 18-cv-12263. The complaint named Defendants Midland County, Lorren Hurren, Jeffery Derocher, Richard Harnois, Amy Randall, Richard Speich, Joshua Qualls, Jamie Pfund, Brian Keidel, Sean Dull, and Benjamin Hinson, in their individual and official capacities. ECF No. 1. The complaint alleges that Richard Harnois and Jeffery Derocher were responsible for administration, operation, and management of the Midland County Jail during all relevant times. *Id.* ¶ 5. The remaining individual Defendants were corrections officers at the Midland County Jail. *Id.* ¶ 4.

On August 10, 2018, Plaintiff filed a motion to consolidate (17-cv-12834), ECF No. 32. Plaintiff states that upon taking the depositions of Defendants Lorren Hurren and Jeffrey Derocher "it was determined that the following individuals were necessary parties, to be named as Defendants in the instant action: Richard Harnois; Amy Randall Richard Speich; Josha Qualls; Jamie Pfund; Brian Keidel; and Sean Dull."[3] Rather than moving to join the parties whose identities were apparently not discovered until depositions were taken, Plaintiff filed the new

---

[3] Notably, this list of newly discovered Defendants includes only 7 of the 11 Defendants named in the new action.

lawsuit. Apparently Defendants Midland County and Lorren Hurren were mistakenly added as Defendants in the new action. Plaintiff amended his complaint in the new action to exclude those Defendants and added two others: Shannon Whyte and Brent Hepinstall. ECF No. 18. In sum, there are currently two active complaints. The amended complaint in case number 17-12834 names Midland County and corrections officer Lorren Hurren as Defendants. ECF No. 20. The amended complaint in Case Number 18-12263 names jail administrators Jeffery Derocher and Richard Harnois, as well as corrections officers Amy Randall, Richard Speich, Joshua Qualls, Jamie Pfund, Brian Keidel, Sean Dull, Benjamin Hinson, Shannon Whyte and Brent Hepinstall. ECF No. 18.

**I.**

Case consolidation is governed by Federal Rule of Civil Procedure 42(a). That rule provides: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." *Id.* When considering whether to consolidate cases, district courts must consider:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993) (quoting *Hendrix v. Raybestos–Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir.1985). If the conservation of judicial resources would be minimal, then "the risk of prejudice to a party must be viewed with even greater scrutiny." *Id.*

**II**.

In his Motion to Consolidate, Plaintiff offers no analysis as to the propriety of consolidation. He offers one conclusory assertion: "consolidation of the instant case with the newly filed companion case, 1:18-cv-12263, is *necessary* as these cases share common questions of law and fact." (emphasis added). To the contrary, "consolidation is not justified or required simply because the actions *include* a common question of fact or law." *Banacki v. OneWest Bank*, FSB, 276 F.R.D. 567, 572 (E.D. Mich. 2011) (emphasis in original). Indeed. Federal Rule of Civil Procedure 42(a) provides that, if actions before the court involve a common question of law or fact, the court "may" consolidate them. The rule does not say that the Court *must* consolidate them.

Moreover, the motion offers no discussion of what common questions of law or fact exist. Rather, the motion primarily discusses outstanding discovering issues from the earlier filed matter. Plaintiff contends that "the parties in this matter initially had the following depositions scheduled for August 14, 2018, and August 23, 2018 Amy Randall; Robert Manary; Joshua Qualls; Richard Harnois; Brian Kuch; Deputy Pfund; and Deputy Kryzanowicz." Mot. at 2. Notably those dates post-date the close of discovery on August 8, 2018. Defense counsel, however, was apparently unwilling to produce any of the individuals that are named in the new case for deposition. Accordingly, Plaintiff requests that the Court consolidate the two cases, and that the case deadlines (including the discovery period) be governed by the Case Management Order to be issued in the new case.

As to the propriety of consolidation, there is limited commonality between the questions of law and fact that will arise in these cases. Both cases clearly arise out of the injury Plaintiff sustained on August 19, 2015, at the hands of Darrius Townsend. This is essentially where the commonalities end. Although the two complaints recite many of the same background factual allegations, the theories of liability against the two sets of Defendants are entirely different.

The amended complaint in the earlier filed case names Defendants Lorren Hurren and Midland County. The facts allegedly giving rise to liability against Lorren Hurren are as follows: 1) Midland County's policy is to never allow the different floors of E pod out of their cells at the same time; 2) Defendant Hurren knew that Townsend had been threatening Plaintiff's cell mate; 3) nevertheless, Defendant Hurren let all E pod inmates out of their cells at the same time, including Townsend, enabling him to run upstairs and beat Plaintiff. Am. Compl. ¶¶ 16, 17, 20, 24, Case No. 17-cv-12834. The facts allegedly giving rise to liability against Midland County are as follows: 1) that they failed to supervise Hurren and other corrections officers; 2) that they failed to train Hurren and other corrections officers on the proper policies for prisoner counts; 3) that they failed to train staff on booking classification and cell assignments; 4) that they consciously understaffed and overpopulated the jail; 5) that the failed to supervise, review or discipline officers who violated their policies. *Id.* ¶ 49.

The theory of liability in the newly filed case, however, largely focuses on the allegedly improper classification of Plaintiff and Townsend into block E. The amended complaint alleges as follows. Plaintiff was an unclassified inmate who had "requested to be moved from E pod as E pod houses higher classified medium security inmates." Am. Compl. ¶ 13, Case No. 18-12263. On the date of the incident in question, August 19, 2015, Townsend should not have been housed in E pod because he was supposed to be on disciplinary segregation in maximum security F pod until October 10, 2015 due to his dangerous behavior. *Id.* ¶ 16.

Defendants Amy Randall and Richard Speich improperly classified Plaintiff into E pod. *Id.* ¶ 13. Defendants Qualls and Pfund classified Townsend into E pod. ¶ 15. Defendant Keidel moved Townsend from F pod to E pod without authority. ¶ 17. Only Defendants Jeffery Derocher and Richard Harnois had authority to move Townsend from F to E pod. *Id.* ¶ 20. Defendants

Harnois and/or Derocher allowed Townsend to be moved from F pod to E pod. *Id.* ¶ 21. Townsend stole personal items from Plaintiff's cell mate, Kuch, and they reported the incident to Defendant Dull, who left Townsend in E pod. *Id.* ¶ 24-25. Defendant Hinson caught Townsend on multiple occasions threatening Kuch. *Id.* ¶ 26. Plaintiff and Kuch complained about the threats to Defendants who took no action. *Id.* ¶ 27. The amended complaint makes no specific allegations as to Defendants Whyte and Hepinstall at all, other than the fact that they were corrections officers.

In short, Plaintiff contends that these Defendants improperly categorized Plaintiff and Townsend into E pod, carried out the improper classification, allowed the improper classification to remain, and/or failed to remedy the improper classification despite knowing that Townsend was combative toward Plaintiff and his cell mate.

These allegations are entirely distinct from the allegations against Defendant Hurren, as there is no allegation that he had any role in the classification of Plaintiff and Townsend, or did anything improper other than open all E pod cell doors at the same time, in violation of County Policy. The municipal liability claim against Midland County is also distinct from the claims against the new individual Defendants. The only overlap between the two sets of claims is that the individual Defendants are accused of taking improper action with respect to inmate classification, and Midland County is accused of improperly training/supervising them on how to make such classifications. These two claims, however, do not go hand in hand. Establishing that the individual Defendants took improper action with respect to inmate classification does not establish the municipal liability claim. A municipality is not vicariously liable for injuries inflicted by its employees; a municipality can only be held liable for its own unconstitutional action, such as an unconstitutional custom, pattern, or practice, or its failure to train its employees. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 692 (1978). Whether the individual

Defendants took inappropriate action is a separate question from whether Midland County appropriately trained and supervised them.

With respect to the burden and expense of multiple trials as opposed to one trial, it appears that it will make no difference whether the cases are consolidated. Plaintiff assumes, without support, that if the cases were consolidated only the later filed case will remain, and its scheduling order will control. To the contrary, Local Rule 42.1 (c) provides that the earlier numbered case remains. Plaintiff offers no reason why the pending claims against Defendants Midland County and Lorren Hurren should not proceed as currently scheduled. Even if the two cases were consolidated, there appears to be no reason why resolution of the claims against Midland County and Lorren Hurren should await the completion of discovery on the distinct claims against the newly identified Defendants. Thus, irrespective of whether the two dockets are combined or kept separate, the claims will proceed on different schedules.

Because there is minimal factual or legal commonalities between the two cases, and because there is no identifiable efficiency to be gained by consolidation, the motion will be denied.

Accordingly, it is **ORDERED** that the motion to consolidate, ECF No. 32, is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: August 30, 2018

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 30, 2018.

s/Kelly Winslow
KELLY WINSLOW, Case Manager